IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL C. ROSS,**

                      **Petitioner,**

        v.                                              CASE NO. 24-3031-JWL

**THOMAS L. WILLIAMS,**

                      **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Michael C. Ross. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and will direct Petitioner to show cause in writing why this matter should not be dismissed in its entirety because it was not timely filed.

### Background

In March 2017, a jury in Sedgwick County, Kansas convicted Petitioner of felony murder, "second-degree murder as a lesser included offense of premeditated murder," and abuse of a child." (*See* Doc. 1, p. 1); *State v. Ross*, 310 Kan. 216, 220 (2019) (*Ross I*). The following month, the state district court sentenced him to "life in prison with no chance of parole for 25 years for the felony-murder conviction and 55 months in prion for the abuse of a child conviction, to run consecutive." *Ross I*, 310 Kan. at 220. Petitioner pursued a direct appeal and, in July 2019, the Kansas Supreme Court (KSC) affirmed his convictions. *Id.* at 216. Petitioner advises this Court that he did not file a petition for certiorari in the United States Supreme Court. (Doc. 1, p. 3.)

1

On July 10, 2020[1], Petitioner filed a motion seeking state habeas corpus relief under 60-1507. *See id.* The state district court summarily denied relief and Petitioner appealed. *Id.*; *see also Ross v. State*, 2022 WL 17544331 (Kan. Ct. App. Dec. 9, 2022) (unpublished) (*Ross II*), *rev. denied* Aug. 5, 2023. The KCOA affirmed the denial in an opinion issued December 9, 2022. *Ross II*, 2022 WL 17544331, *1. The KSC denied Petitioner's petition for review on August 25, 2023. On February 28, 2024, Petitioner filed the pro se petition for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 that is now before this Court. (Doc. 1.)

## Standard of Review

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes his filings. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of Petitioner's advocate and it will not construct arguments for him. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## Analysis

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

---

[1] Petitioner advises this Court that he filed his 60-1507 motion on July 21, 2020. (Doc. 1, p. 3.) A review of the online records of the Sedgwick County District Court reveals that July 21, 2020 was the filing date stamped on the motion. *See Ross v. State*, Case No. 20CV1184, Petition, p. 1. But the motion itself represents that Petitioner deposited it into the institutional mailbox on July 10, 2020. *Id.* at 8. "Because [Petitioner] was a prisoner and filed his motion pro se, he may rely on the 'prison mailbox rule,' which makes the date on which he presented his motion to prison officials for mailing the filing date for timeliness purposes." *United States v. Hopkins*, 920 F.3d 690, 696 n. 8 (10th Cir. 2019).

limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The United States Supreme Court has held that direct review concludes—making a judgment "final"—when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Rule 13(1) of the Rules of the Supreme Court of the United States allows ninety days from the date of the conclusion of direct appeal to seek certiorari, and the Tenth Circuit has explained that "if a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [her] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003).

In this matter, the KSC issued its opinion in Petitioner's direct appeal on July 19, 2019. Petitioner therefore had until and including October 17, 2019[2] to file a petition for certiorari in the

---

[2] Rule 30 of the Rules of the Supreme Court of the United States explains that "the day of the act, event, or default from which the designated period begins to run is not included" but "[t]he last day of the period shall be included, unless it is a Saturday, Sunday, federal legal holiday" or another day on which the court is closed. For Petitioner, the 90-day period to file a petition for certiorari therefore began on July 20, 2019 and ran through October 17, 2019.

United States Supreme Court. As noted above, Petitioner has advised that he did not file a petition for certiorari, so on October 18, 2019, the one-year AEDPA limitation period began to run. Under the "anniversary method" used in the Tenth Circuit, the final day for Petitioner to timely file his § 2254 petition in this Court was October 18, 2020. *See Hurst*, 322 F.3d at 1260.

As Petitioner points out, however, the AEDPA also includes a tolling provision. (*See* Doc. 1, p. 13.) The statute instructs: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In this case, that means that the one-year AEDPA limitation period was tolled, or paused, when Petitioner filed his K.S.A. 6-1507 motion on July 10, 2020. The Tenth Circuit has explained that when this type of statutory tolling applies, the number of days that the relevant state-court matter is pending "is added to the one-year anniversary date to establish the final deadline for filing a § 2254 application in federal court." *Stuart v. Utah*, 449 Fed. Appx. 736, 738 (10th Cir. Nov. 30, 2011) (unpublished) (citing *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011)).

Petitioner's K.S.A. 60-1507 proceeding became final on August 25, 2023, when the KSC denied his petition for review. Thus, it was pending from July 10, 2019 through August 25, 2023, for a total of 1,508 days. When those days are added to the original one-year anniversary date of October 18, 2019, it gives the new filing deadline for this matter: December 3, 2023. Because December 3, 2023 was a Sunday, Petitioner had until the end of Monday, December 4, 2023 to file his § 2254 petition. *See Harris*, 642 F.3d at 906 n. 6. Yet Petitioner did not file this federal habeas petition until February 28, 2024.

The Court notes that Petitioner has utilized the portion of the form petition for addressing timeliness. (Doc. 1, p. 13.) Liberally construing his argument therein, it appears that Petitioner

4

asserts that only 356 days of the one-year federal habeas limitation has run, starting on July 19, 2019 with the issuance of the mandate in his direct appeal and concluding on July 10, 2020, when he filed his K.S.A. 60-1507 motion. *Id.* As explained above, however, that is not how courts calculate the timeliness of a federal habeas petition under § 2254. When the correct analysis is completed, it appears from the information now before this Court that this matter was not timely filed and, as such, it is subject to dismissal with prejudice. The Court will grant Petitioner time, however, to show cause why this matter should not be dismissed as untimely.

First, Petitioner may be entitled to additional statutory tolling if there was another properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim pending. In addition to the statutory tolling provision, the AEDPA limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). However, "[s]imple excusable neglect is not sufficient." *Id.* (citation omitted).

There also is an exception to the AEDPA limitation period that applies in cases of actual innocence. To obtain the actual innocence exception, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021). Rather, he must identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). If Petitioner wishes to assert the actual innocence exception, he must identify for the Court the "new reliable evidence" not presented at trial that makes it "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."

In summary, this matter does not appear to have been timely filed and it is subject to dismissal unless Petitioner demonstrates grounds for additional statutory tolling or equitable tolling or he establishes that the actual innocence exception to the time limitation applies. Therefore, the Court will direct Petitioner to show cause in writing why this matter should not be dismissed as time-barred. If Petitioner successfully does so, the Court will resume the Rule 4 screening and issue further orders as necessary. If Petitioner fails to timely submit a response to this order, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED THAT** Petitioner is granted until and including April 11, 2024, in which to show cause, in writing, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation. The failure to timely respond to this order will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 11th day of March, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge