**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**MICHAEL C. ROSS,**

**Petitioner,**

**v.** **CASE NO. 24-3031-JWL**

**THOMAS L. WILLIAMS,**

**Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons explained below, the Court directs Respondent to file a limited Pre-Answer Response addressing the timeliness of this action.

In March 2017, a jury in Sedgwick County, Kansas convicted Petitioner of felony murder, "second-degree murder as a lesser included offense of premeditated murder," and abuse of a child." (*See* Doc. 1, p. 1); *State v. Ross*, 310 Kan. 216, 220 (2019) (*Ross I*). The following month, the state district court sentenced him to "life in prison with no chance of parole for 25 years for the felony-murder conviction and 55 months in prison for the abuse of a child conviction, to run consecutive." *Ross I*, 310 Kan. at 220. Petitioner pursued a direct appeal and, in July 2019, the Kansas Supreme Court (KSC) affirmed his convictions. *Id.* at 216. Petitioner did not file a petition for certiorari in the United States Supreme Court. (Doc. 1, p. 3.)

On July 10, 2020[1], Petitioner filed a motion seeking state habeas corpus relief under 60-

[1] Petitioner advises this Court that he filed his 60-1507 motion on July 21, 2020. (Doc. 1, p. 3.) The online records of the Sedgwick County District Court reveals that July 21, 2020 was the stamped filing date. *See Ross v. State*, Case No. 20CV1184, Petition, p. 1. But the motion itself represents that Petitioner deposited it into the institutional mailbox on July 10, 2020. *Id.* at 8. "Because [Petitioner] was a prisoner and filed his motion pro se, he may rely on the 'prison mailbox rule,' which makes the date on which he presented his motion to prison officials for mailing the filing date

1507. *See id.* The state district court summarily denied relief and Petitioner appealed. *Id.*; *see also Ross v. State*, 2022 WL 17544331 (Kan. Ct. App. Dec. 9, 2022) (unpublished) (*Ross II*), *rev. denied* Aug. 5, 2023. The KCOA affirmed the denial in an opinion issued December 9, 2022. *Ross II*, 2022 WL 17544331, *1. The KSC denied Petitioner's petition for review on August 25, 2023. On February 28, 2024, Petitioner filed his pro se petition for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the response, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). After reviewing the petition, the Court concluded that it appears this matter was not timely filed. Thus, on March 11, 2024, the Court issued a Notice and Order to Show Cause (Doc. 4) that explained that this action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides that a one-year limitation period applies to petitions for writ of habeas corpus brought by an individual in custody under a state court judgment.

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The NOSC explained to Petitioner how the date a judgment becomes final is calculated and that in this matter, his convictions became final on October 18, 2019 and the one-year federal habeas limitation period began to run. (Doc. 4, p. 3-4.) The NOSC further noted, however, that the relevant

---

for timeliness purposes." *United States v. Hopkins*, 920 F.3d 690, 696 n. 8 (10th Cir. 2019).

federal statute also contains a provision that tolls "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* at 4; *see also* 28 U.S.C. § 2244(d)(2).

Applying the relevant statutory provisions, the NOSC stated:

> In this case, that means that the one-year AEDPA limitation period was tolled, or paused, when Petitioner filed his K.S.A. 6-1507 motion on July 10, 2020. The Tenth Circuit has explained that when this type of statutory tolling applies, the number of days that the relevant state-court matter is pending "is added to the one-year anniversary date to establish the final deadline for filing a § 2254 application in federal court." *Stuart v. Utah*, 449 Fed. Appx. 736, 738 (10th Cir. Nov. 30, 2011) (unpublished) (citing *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011)).
>
> Petitioner's K.S.A. 60-1507 proceeding became final on August 25, 2023, when the KSC denied his petition for review. Thus, it was pending from July 10, 2019 through August 25, 2023, for a total of 1,508 days. When those days are added to the original one-year anniversary date of October 18, 2019, it gives the new filing deadline for this matter: December 3, 2023. Because December 3, 2023 was a Sunday, Petitioner had until the end of Monday, December 4, 2023 to file his § 2254 petition. See *Harris*, 642 F.3d at 906 n. 6. Yet Petitioner did not file this federal habeas petition until February 28, 2024.

(Doc. 4, p. 4.)

The NOSC next explained that the federal habeas limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Id.* at 4 (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted)). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Finally, the NOSC explained that actual innocence can create an exception to the one-year time limitation. To qualify for the actual innocence exception, the prisoner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable

evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Thus, the Court ordered Petitioner to show good cause, in writing, why this matter should not be dismissed as untimely filed. (Doc. 4, p. 6.)

Petitioner has now replied to the NOSC. (Doc. 7.) Highly summarized, he contends that he submitted the federal habeas petition to prison officials for electronic filing well before the federal statute of limitations expired. It appears that prison officials shredded the hard copy of the petition after making an electronic copy, but Petitioner did not learn until months later that the prison's computer system had been "hacked," causing the electronic version of his petition to be "lost or erased" before it was e-filed. *Id.* at 1-2. Petitioner further alleges that in September 2023, he attempted to mail his petition to this Court—operating under the belief that the prison was unable to e-file due to its computers being down—but the petition was returned to him with a notice informing him that he was required to electronically file it. *Id.* at 1-2, 6-7. Petitioner also suffered delays in filing due to transfers between prisons. *Id.* at 4. Liberally construed, Petitioner appears to be seeking equitable tolling of the federal habeas statute of limitations. Petitioner also briefly refers to his "claiming an actual innocence case," but he does not identify the new evidence required to state a persuasive actual innocence argument. *Id.* at 3.

The Court finds that resolving the timeliness question in this matter requires additional information from the Respondent, so the Court concludes that a limited Pre-Answer Response (PAR) is appropriate. *See Wood v. Milyard*, 566 U.S. 463, 467 (2012); *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008). Accordingly, the Court directs Respondent to file such a response limited to addressing the affirmative defense of timeliness under 28 U.S.C. § 2244(d). Specifically, the Court seeks a response to Petitioner's argument for equitable tolling of the statute of

limitations.

Because the question of timeliness may be dispositive of this matter, the Court wishes to resolve it now, during the initial screening process, rather than waiting to consider such argument in the context of a full answer from Respondent that also addresses the merits of Petitioner's claims. If Respondent does not intend to raise the affirmative defense of untimeliness, Respondent shall notify the Court of that decision in the PAR. Upon receipt of the PAR, the Court will issue further orders as necessary.

**IT IS THEREFORE ORDERED** that Respondent is granted to and including April 26, 2024, in which to file a Pre-Answer Response that complies with this order.

**IT IS SO ORDERED.**

DATED: This 25th day of March, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge