**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MICHAEL C. ROSS,**

**Petitioner,**

**v.** **CASE NO. 24-3031-JWL**

**DON LANGFORD,**

**Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Michael C. Ross. The Court conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and concluded that this matter appeared to be untimely filed. Both parties have now had the opportunity to present written argument on the timeliness of this matter. For the reasons explained below, this Court will direct Petitioner to submit a written response providing additional information.

### Background

In this federal habeas action, Petitioner challenges the 2017 state court convictions for which he is currently incarcerated. (*See* Doc. 1, p. 1). After Petitioner filed his petition on February 28, 2024, the Court reviewed the petition, as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, and issued a notice and order to show cause (NOSC) setting forth the relevant law about calculating the deadline for filing a § 2254 petition and applying that law to this case. (Doc. 4, p. 2-5.) The Court explained its conclusion that this matter was untimely filed, but granted Petitioner time to show cause why this matter should not be dismissed

as time-barred. *Id.* at 6.

Petitioner timely responded to the NOSC. (Doc. 7.) After reviewing the response, the Court directed Respondent to submit a limited Pre-Answer Response (PAR) addressing the affirmative defense of timeliness and, more specifically, addressing Petitioner's argument that he is entitled to equitable tolling of the deadline for filing. (Doc. 8.) Respondent timely filed the PAR (Doc. 13) and Petitioner has now filed a response to the PAR (Doc. 15).

**Analysis**

Neither party disputes the Court's conclusion that, absent equitable tolling or the successful assertion of the actual innocence exception to the statute of limitations, the deadline to file this § 2254 petition was December 4, 2023. (*See* Doc. 4, p. 4; Doc. 7; Doc. 13, p. 3; Doc. 15.) Yet Petitioner did not file this federal habeas petition until February 28, 2024. (Doc. 1.) Petitioner seeks equitable tolling of the deadline and asserts that he is entitled to the actual innocence exception. (Doc. 7, p. 1-4; Doc. 15, p. 1-2.)

As previously explained, to obtain the actual innocence exception, Petitioner must identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327).

In his response to the NOSC, Petitioner asserts that he is "claiming an actual innocence [exception] . . . under exceptional circumstances for [his] untimely manner due to the neglect from [his] prior stay at [EDCF] to jump over this hurdle of the untimel[i]ness" and he cites *Skaggs v. State*, 59 Kan. App. 2d 121 (2020). (Doc. 7, p. 3.) Similarly, in his response to the PAR, Petitioner

states: "I'm claiming an actual innocence case being that I'm actually innocent to the charge I'm convicted under and due to this I'm jumping this untimely hurdle." (Doc. 15, p. 2.) He again directs the Court's attention to *Skaggs* and he also cites *Beauclair v. State*, 308 Kan. 284 (2018). (Doc. 15, p. 2.)

These cases discuss when a colorable claim of actual innocence based on newly presented evidence may be enough to overcome Kansas' statutory prohibition of second or successive motions under K.S.A. 60-1507. They do not show that Petitioner is entitled to the actual innocence exception to the *federal* statute of limitations for federal habeas petitions. At no point in his response to the NOSC or his response to the PAR does Petitioner identify such evidence. Thus, Petitioner has failed to show entitlement to the actual innocence exception to the federal habeas statute of limitations.

Petitioner also asserts that he is entitled to equitable tolling. As set out in the NOSC, the statute of limitations for filing a petition under § 2254 is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). It is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Liberally construing Petitioner's filings, as is appropriate since he is pro se in this matter, Petitioner appears to assert several events justify equitable tolling.

First, when this Court returned an improperly submitted § 2254 petition to Petitioner in September 2023, EDCF staff shredded it[1] rather than returning it to Petitioner, which meant Petitioner had to rewrite it. (Doc. 7, p. 1-2.) Second, after "redoing [his] whole petition," Petitioner

---

[1] Petitioner should clarify in his written response whether the shredding of legal documents returned to inmates by mail and the shredding of legal documents given to staff for electronic filing is a standard practice at EDCF.

gave it to EDCF staff to electronically file. *Id.* at 4. Unit Team Manager Mr. Gilkinson "claim[ed] he had [the petition] sent to get electronically filed without a receipt[2]," so Petitioner assumed it had been filed. Apparently, that petition was also shredded by EDCF staff. In December 2023, however, Petitioner learned that his petition "might not [have] got[ten] filed" because of "their computer system being down and out from being 'hacked.'" *Id.* at 1-2, 4; (Doc. 15, p. 1-2). At that point, Petitioner had to start over in preparing a § 2254 petition, which was hampered by transfers to two different facilities. (Doc. 7, p. 2-4; Doc. 15, p. 1-2.)

As Respondent points out, the precise dates on which these events occurred is not clear from the information before this Court. (*See* Doc. 13, p. 11-12.) Moreover, the order of the events is not clear. For example, in his response to the NOSC, Petitioner asserts that the clerk of this Court rejected his mailed petition as improperly filed on September 21, 2023. (Doc. 7, p. 2.) Liberally construing the response to the PAR, it appears that Petitioner gave his petition to Mr. Gilkinson "in 2023 of October [*sic*]" for electronic filing. (Doc. 15, p. 2.) But in the response to the NOSC, Petitioner claims that "[b]ecause the computer system [was] out in E.D.C.F., . . . he resent [the petition] through the mail." (Doc. 7, p. 2.) Thus, the Court cannot determine whether Petitioner is asserting that the EDCF computer system was inoperable before Petitioner mailed his petition in September 2023 or after.

In addition, in his response to the NOSC, Petitioner asserts that it was "3 months" after he gave his petition to Mr. Gilkinson for electronic filing before staff told Petitioner "that his [petition] might not [have] got[ten] filed because it got lost or erased due to their computer system being

---

[2] The Court presumes that the "receipt" to which Petitioner refers is the Notice of Electronic Filing (NEF), which are generally given to inmates as confirmation of successful electronic filing. In his written response to this order, Petitioner should clarify whether he means NEF when he refers to a receipt. If so, Petitioner should clarify whether and when he asked about the NEF and if Mr. Gilkinson represented that the petition had been filed even though no receipt was provided to Petitioner.

down and out from being 'hacked.'" (Doc. 7, p. 2.) But later in that same document, Petitioner asserts that he found out that the petition "had got lost in their file" only "when [he] asked about [his] receipt 2 months later." *Id.* at 4. He also alleges that Mr. Gilkinson "claim[ed] he had them sent to get electronically filed without a receipt," but he does not explain when Mr. Gilkinson made this claim *Id.* at 1. In his response to the PAR, Petitioner states that he learned "about [his] petition not getting filed" in December 2023. (Doc. 15, p. 1, 2.)

Similarly, Petitioner asserts that he "has been getting moved from facility to facility"—from EDCF to Hutchinson Correctional Facility and then to Ellsworth Correctional Facility—which hindered his ability to timely file this action. (Doc. 7, p. 2-3.) Although Respondent asserted in the PAR that Petitioner was not transferred from EDCF until January 12, 2024, Petitioner did not address that date in his response to the PAR, nor did he explain what efforts he took to prepare his petition during the time after he learned it was not filed and before the transfers occurred. (Doc. 13, p. 9 n.4.)

Even assuming solely for the sake of argument that these events justify equitable tolling of the statute of limitations, the lack of specific dates leaves the Court unable to determine whether this action was timely filed. Equitable tolling pauses the statute of limitations for the period of time during which a petitioner was diligently pursuing his claims but was prevented from filing his petition by extraordinary circumstances beyond his or her control. *See McCord v. Bridges*, 2023 WL 3220857, *3 (10th Cir. May 3, 2023) (unpublished) (noting that one independent basis for finding that a 2254 petitioner had not met the standard for equitable tolling was that "the arguments were generalized and did not provide the court with any basis to determine the number of days of equitable tolling to which [he] might be entitled"). Because Petitioner has provided a general idea of the timeline, the Court will allow him a final opportunity to provide the specific information

needed to fully analyze the equitable tolling arguments.

In summary, the Court requires additional information from Petitioner if he wishes to pursue his claim of equitable tolling. Petitioner is therefore granted until and including June 20, 2024, in which to file a written response to this order. In his response, he should set forth a more specific timeline of the events on which he relies for equitable tolling. In other words, Petitioner should identify—to the best of his ability—(1) the date on which he gave his § 2254 petition to EDCF staff for electronic filing; (2) the date on which Mr. Gilkinson claimed that the petition was successfully filed "without a receipt" and the circumstances surrounding that comment; (3) the date on which Petitioner learned that that EDCF's computer system did not allow electronic filing because it was down or had been hacked; (4) the date on which Petitioner learned his petition had not been electronically filed; and (5) the dates on which he was transferred between facilities, including more specific details about the amount of time the transfers caused him to be unable to access the resources necessary to prepare and electronically file his federal habeas petition.

Again, Petitioner should be as specific as possible in his written response to this order. He may include additional information regarding EDCF staff telling him that electronic filing was unavailable due to EDCF computers having been hacked or other information about his efforts to file his federal habeas petition during the time period between August 25, 2023 and February 28, 2024. After Petitioner has filed his written response to this order, the Court will review the response and, if necessary, allow Respondent time to respond.

**IT IS THEREFORE ORDERED THAT** Petitioner is granted until and including June 20, 2024 in which to file a written response that includes the information identified in this order. If Petitioner fails to timely respond to this order, this matter may be dismissed as time-barred

without further prior notice to Petitioner. After the Court receives and reviews Petitioner's response, it will issue further orders as necessary.

**IT IS SO ORDERED.**

DATED: This 20th day of May, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge