IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL C. ROSS,**

                        **Petitioner,**

      v.                                                  CASE NO. 24-3031-JWL

**DON LANGFORD,**

                        **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Michael C. Ross. The Court conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and concluded that this matter appeared to be untimely filed. After requesting additional information from Petitioner and allowing both parties the opportunity to present written argument on the timeliness of this matter, the Court has carefully considered whether to grant Petitioner the benefit of equitable tolling of the federal habeas statute of limitations. For the reasons explained below, the specific circumstances of this case have persuaded the Court that Petitioner should receive equitable tolling that renders this matter timely filed.

Neither party disputes the Court's conclusion that, absent equitable tolling or the successful assertion of the actual innocence exception to the federal habeas statute of limitations, the deadline to file this § 2254 petition was December 4, 2023. (*See* Doc. 4, p. 4; Doc. 7; Doc. 13, p. 3; Doc. 15.) Yet Petitioner did not file this federal habeas petition until February 28, 2024. (Doc. 1.) The Court previously rejected Petitioner's argument that he is entitled to the actual innocence exception to the federal habeas statute of limitations, so the sole question left for this Court with respect to

1

timeliness is whether Petitioner has shown justification for equitable tolling of the deadline.

As set out in the Court's previous orders, the statute of limitations for filing a petition under § 2254 is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). It is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). On the other hand,

> When assessing equitable tolling, we are mindful "[d]ismissal of a first federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas*, 517 U.S. 314, 324 (1996) (emphasis omitted). "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *see also Yang v. Achuleta*, 525 F.3d 925, 928 (10th Cir. 2008) ("An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (bracket and citation omitted)).

*Gordon v. Crow*, 2023 WL 3065542, *2 (10th Cir. 2023) (unpublished order denying a certificate of appealability).

As Respondent notes, "Petitioner's arguments about the timeliness of his filings . . . require reading several documents together." (Doc. 21, p. 2 n.1.) According to his allegations, Petitioner first attempted to file his § 2254 petition in September 2023 by mail. (Doc. 7, p. 1-2.) This Court's administrative procedures, however, require all prisoners incarcerated in a Kansas Department of Corrections facility to electronically file, or e-file, with this Court. D. Kan. Admin. Proc. II.L. ("Documents submitted by prisoners incarcerated by the Kansas Department of Corrections must be electronically submitted to the court . . . ."). Thus, when the Clerk of this Court received the mailed petition, it was returned to Petitioner with instructions to e-file it. According to Petitioner, prison staff at the facility where he was then housed shredded the returned petition rather than

giving it back to him. (Doc. 7, p. 1-2.)

Because the petition had been shredded, Petitioner could not simply take it to the appropriate place for e-filing. First, he had to rewrite the petition on the required form. Moreover, because Petitioner was at that time housed in segregation, he could not e-file the petition himself; he was required to give it to Unit Team Manager Mr. Gilkinson for e-filing, which he did on October 3, 2023. (Doc. 7, p. 4; Doc. 17, p. 1.) Mr. Gilkinson told Petitioner that he had gone to the Administration Building to get the petition filed and that it had been sent to be e-filed "without a receipt." (Doc. 7, p. 1-2; Doc. 15, p. 2; Doc. 17, p. 1-2.) The Court liberally construed the reference to a receipt to refer to a Notice of Electronic Filing (NEF), which is generally given to a prisoner as confirmation of successful electronic filing. Petitioner did not receive an NEF to confirm the supposed e-filing in October of his petition.

Eventually, Petitioner was released from segregation and, on December 28, 2023, he crossed paths with Mr. Gilkinson on the yard and asked about the NEF for his petition. (Doc. 17, p. 2.) After initially telling Plaintiff that "they don't come with" an NEF, Mr. Gilkinson told Petitioner that the facility computer had been hacked and "it had got[ten] lost in their file." *Id.* When Petitioner again asked about an NEF, Mr. Gilkinson became frustrated and walked away. *Id.* At that point, Petitioner realized that his federal habeas petition likely had not been filed.

Respondent argues that Mr. Gilkinson's failure to file the petition is not the type of extraordinary circumstance that justifies equitable tolling. (Doc. 13, p. 7-8; Doc. 21, p. 3.) First, Respondent points out that ordinary attorney negligence generally does not justify equitable tolling. (Doc. 13, p. 7); *see also Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) ("Simple excusable neglect [by an attorney] is not sufficient" to warrant equitable tolling.). Respondent reasons: "If relying on one's own attorney for filing is insufficient to establish extraordinary

circumstances, certainly relying on prison guards is also insufficient." (Doc. 13, p. 7.)

The Court is not persuaded that the attorney-client relationship, in the context of this case, is the same as the relationship between a prisoner and a prison guard, especially when the prisoner is housed in segregation. In any event, the Tenth Circuit has recognized that actions by prison staff may constitute "'an adversary's conduct [that] prevented a prisoner from timely filing." *See United States v. Gabaldon*, 522 F.3d 1121, 1124-25 (10th Cir. 2008) (considering whether equitable tolling of the statute of limitations for a § 2255 motion, which uses the same standard that applies here, was warranted). In *Gabaldon*, the asserted extraordinary circumstance in question occurred when "six weeks before the expiration of the limitations period, prison officials confiscated *all* of [the movant's] legal documents, including a draft § 2255 motion and brief, and refused to return the documents despite his numerous requests before his deadline that they do so." *Id.* at 1125. The prison officials in *Gabaldon* confiscated the documents because the movant was in disciplinary segregation and "prison regulations 'permit the Warden to restrict the number of legal documents an inmate has access to when in disciplinary segregation.'" *Id.* at 1125. Ultimately, the Tenth Circuit held that "a complete confiscation of Mr. Gabaldon's legal materials just weeks before his filing deadline would constitute extraordinary circumstances for the purposes of equitable tolling." *Id.* at 1126.

Petitioner in this case does not contend that all of his legal documents were confiscated, but the broader holding of *Gabaldon*—that conditions imposed upon a prisoner in segregation may constitute extraordinary circumstances that justify equitable tolling—provides guidance here. In this matter, because Petitioner was in segregation, he was dependent upon prison staff to e-file his § 2254 petition on his behalf. Prison staff accepted the petition for e-filing, did not e-file it, and misrepresented to Petitioner that it had been e-filed. Even in the context of an attorney-client

4

relationship, the Tenth Circuit has recognized that "[p]articularly egregious attorney misconduct, such as repeated, deceitful assurances that a habeas petition would soon be filed, may entitle a petitioner to equitable tolling." *Trujillo v. Tapia*, 359 Fed. Appx. 952, 955 (10th Cir. 2010) (unpublished) (citing *Fleming v. Evans*, 481 F.3d 1249, 1256-57 (10th Cir. 2007)). After careful consideration, this Court concludes that repeated, false representations by a prison unit team manager that a petition has been filed—where the prisoner is housed in segregation and therefore must give pleadings to staff for e-filing—is an extraordinary circumstance for the purposes of equitable tolling.

In addition to showing an extraordinary circumstance, to gain the benefit of equitable tolling, Petitioner must establish that he has been pursuing his rights diligently. Respondent argues that a lack of diligence may be seen by Petitioner waiting 266 days before filing his first K.S.A. 60-1507 motion. (Doc. 13, p. 5.) But the Tenth Circuit has approvingly quoted the Second Circuit's reasoning:

> "[A petitioner] is not ineligible for equitable tolling simply because he waited until late in the limitations period to file his habeas petition. He would have acted reasonably by filing his petition any time during the applicable one-year period of limitations. Extraordinary circumstances cannot 'prevent' a petitioner from filing on time if, prior to the occurrence of those circumstances, the petitioner has been so neglectful in the preparation of his petition that even in the absence of the extraordinary circumstances, a reasonable person in the petitioner's situation would have been unable to file in the time remaining within the limitations period. A petitioner should not be faulted, however, for failing to file early or to take other extraordinary precautions early in the limitations period against what are, by definition, rare and exceptional circumstances that occur later in that period."

*Gabaldon*, 522 F.3d at 1126 (quoting *Valverde v. Stinson*, 224 F.3d 129, 136 (2d Cir. 2000) (citation omitted)).

In the matter presently before the Court, Petitioner would have filed his § 2254 petition well within the federal statute of limitations if Mr. Gilkinson had e-filed that petition when it was

5

given to him on October 3, 2023. The petition was complete at that point and would have been filed but for the exceptional circumstance that prison staff did not do so, despite saying that they did.

Respondent also argues that "Petitioner's delay in following up with prison staff about his federal claim also reveals a lack of diligence." (Doc. 13, p. 6.) The Court is unpersuaded. In this matter, Petitioner asserts that he was affirmatively told by Mr. Gilkinson that the petition had been e-filed in October 2023. Although a prisoner may be encouraged or even required to repeatedly question an attorney who claims a document was filed with the Court but provides no proof, the Court questions whether such actions, which are considered indicative of diligence when between a prisoner and his or her attorney, would be appropriate for a prisoner to pursue with the Unit Team Manager of his or her prison unit. It seems impractical and perhaps unwise to require prisoners to repeatedly question the veracity of statements made to them by prison staff.

Petitioner has met his "burden of establishing two elements:   (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *See Signola v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner has thus persuaded this Court to equitably toll the federal habeas statute of limitations from October 3, 2023—when he gave the petition to Mr. Gilkinson for filing—and December 28, 2023—when he first realized that his petition had not been filed, despite Mr. Gilkinson's repeated assertions to the contrary. When those 87 days[1] are added to the December 4, 2023 deadline, the new deadline for filing became February 29, 2024. The Court received Petitioner's petition on February 28, 2024. Thus, with the benefit of equitable tolling, this matter

---

[1] Because the Court does not equitably toll any time based on Petitioner's prison transfers, the Court need not address Respondent's argument that such tolling would be inappropriate. The Court appreciates Respondent's candid acknowledgement that this action is timely "if this Court agrees with Petitioner that his statute of limitations should be equitably tolled" between October 3, 2023 and December 28, 2023. (*See* Doc. 21, p. 4.)

was timely filed.

Also before the Court is Petitioner's motion to stay this matter and hold it in abeyance so that he may return to state court to exhaust currently unexhausted grounds for relief he raises in his § 2254 petition. (Doc. 11.) Liberally construing the motion, it appears that Petitioner asserts he has a pending state-court proceeding in which he can exhaust the currently unexhausted claims. The case numbers Petitioner provides for the pending proceeding are 2020-CV-0084-IA (state district court) and 123,907 (state appellate court). According to the records of the District Court of Sedgwick County, Kansas, however, a mandate issued in that appeal on September 7, 2023. (See attached.) Thus, that appeal appears final.

The Court will defer ruling on the motion and direct Petitioner to provide additional, specific information identifying the claims in his § 2254 petition that he believes remain unexhausted and the avenue by which he intends to exhaust them. If a pending case exists in which Petitioner believes he can exhaust state-court remedies on these claims, he should provide to this Court that case number.

**IT IS THEREFORE ORDERED THAT** Petitioner is entitled to equitable tolling that renders this matter timely filed. It is further ordered that Petitioner is granted until and including **August 23, 2024** in which to file a written response to this order providing additional information related to his motion to stay this matter, as described above. After the Court receives and reviews Petitioner's response, it will issue further orders as necessary.

**IT IS SO ORDERED.**

DATED:   This 18th day of July, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge