IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL C. ROSS,**

        **Petitioner,**

   v.                   CASE NO. 24-3031-JWL

**DON LANGFORD,**

        **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Michael C. Ross, who is a state prisoner incarcerated at Ellsworth Correctional Facility in Ellsworth, Kansas. The Court began its initial review of the amended petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, after extensive briefing by the parties, concluded that this matter was timely filed. (Doc. 22.) The Court now has continued its Rule 4 review of the petition in this matter and, for the reasons explained below, will direct Petitioner to file an amended petition that clearly identifies the grounds for relief he wishes to assert and that complies with the requirements discussed herein.

### Background

In March 2017, a jury in Sedgwick County, Kansas convicted Petitioner of felony murder, "second-degree murder as a lesser included offense of premeditated murder," and abuse of a child." (*See* Doc. 1, p. 1); *State v. Ross*, 310 Kan. 216, 220 (2019) (*Ross I*). The following month, the state district court sentenced him to "life in prison with no chance of parole for 25 years for the felony-murder conviction and 55 months in prison for the abuse of a child conviction, to run consecutive." *Ross I*, 310 Kan. at 220. Petitioner pursued a direct appeal and, in July 2019, the Kansas Supreme

1

Court (KSC) affirmed his convictions. *Id.* at 216.

Petitioner then filed a motion in Sedgwick County District Court seeking state habeas corpus relief under K.S.A. 60-1507. The state district court summarily denied relief and Petitioner appealed. (Doc. 1, p. 3); *see also Ross v. State*, 2022 WL 17544331 (Kan. Ct. App. Dec. 9, 2022) (unpublished) (*Ross II*), *rev. denied* Aug. 5, 2023. The Kansas Court of Appeals (KCOA) affirmed the denial in an opinion issued December 9, 2022, and the KSC denied Petitioner's petition for review on August 25, 2023. *Ross II*, 2022 WL 17544331, *1. On February 28, 2024, Petitioner filed the pro se petition for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 that is now before this Court. (Doc. 1.)

**Rule 4 Review**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the response, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Liberally construed, the pro se petition in this matter appears to assert 9 grounds for relief, but only four are properly identified. The required form that Petitioner used to submit his petition includes spaces designated to articulate Ground One, Ground Two, Ground Three, and Ground Four, which Petitioner has utilized. (Doc. 1, p. 5-11.) The instructions for this portion of the form state: "Attach additional pages if you have more than four grounds." *Id.* at 5.

To the form petition, Petitioner has attached 18 pages, but has not clearly labeled them as additional grounds for relief, much less identified the arguments in those pages as Ground Five, Ground Six, etc. *Id.* at 15-32. The Court notes, however, that in the exhaustion portion of the form, Petitioner refers to Grounds Five, Six, Seven, Eight, and Nine. *Id.* at 11. Thus, liberally construing the petition and attachments thereto, it appears that some of attached pages are intended to support the four grounds for relief identified in the form petition, while others are intended to state additional grounds for relief. None, however, are labeled in a way that makes clear which ground is which. Further confusing matters, it appears that Petitioner intended to refer the Court to a memorandum he anticipated filing with the petition but which was not filed until nearly a month later.

For example, in the portion of the form for setting forth the facts that support Ground Four, Petitioner has written: "Supporting facts are set forth in the accompanying memorandum of law in support of petition for writ. Statement of Facts pages through and Ground Five page through. [*sic*]" (Doc. 1, p. 9-10.) No page numbers are provided. The Court does note, however, that a separate "Memorandum of Law in Support" was filed nearly a month after the petition. (Doc. 10.)

The Court cannot act as Petitioner's attorney and construct arguments on his behalf. *See Garrett*, 425 F.3d at 840. Accordingly, the Court will direct Petitioner to file an amended petition on the required, court-approved form that clearly identifies each asserted ground for relief and sets out the required information for each ground, including the specific federal constitutional violation asserted, the supporting facts, and whether the ground was exhausted in the state courts. Petitioner may attach pages as necessary to state all of the grounds for relief he wishes to assert, but he must clearly number and label each Ground he asserts. Additionally, although Petitioner may use a separate memorandum of law to argue his issues, he is required *in the petition* to "state the facts

supporting each ground." *See* Rule 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts. Simply referring the Court to another document for the facts supporting each ground is not sufficient.

In the interest of efficiency, the Court will identify some of the other deficiencies in the current petition so that Petitioner may cure them in his amended petition.

### Violations of State Law

"Federal habeas relief does not lie for errors of state law." *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 67-68. Grounds One and Four refer to violations of Kansas law in addition to federal constitutional violations. (Doc. 1, p. 5, 10.) "'To the extent [the petitioner] argues the state court erroneously interpreted and applied state law, that does not warrant habeas relief[.]'" *Hawes v. Pacheco*, 7 F.4th 1252, 1264 (10th Cir. 2021) (quoting *Boyd v. Ward*, 179 F.3d 904, 916 (10th Cir. 1999)). Thus, to the extent that Petitioner relies in his amended petition on violations of state law as grounds for relief, those claims will be summarily denied. Only claims that Petitioner's federal rights were violated can serve as grounds for federal habeas relief under § 2254. To be clear, the portions of Ground One and Four as they are stated in the current complaint that are based on federal law would not be subject to dismissal under this rule—only Petitioner's arguments that state law was violated.

### Exhaustion

Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020). Petitioner is advised that generally speaking, to satisfy the exhaustion requirement, a state prisoner seeking federal habeas relief must have presented the very issues

raised in the federal habeas petition to the Kansas Court of Appeals (KCOA) and/or the Kansas Supreme Court (KSC), which must have denied relief *on the merits*. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a).

When a state prisoner raises claims in the state courts but the state court declines to address the claims on their merits because of a failure to comply with state procedural rules, those

> claims are technically exhausted because, in the habeas context, state-court remedies . . . are exhausted when they are no longer available, regardless of the reason for their unavailability. But to allow a state prisoner simply to ignore state procedure on the way to federal court would defeat the evident goal of the exhaustion rule. Thus, federal habeas courts must apply an important corollary to the exhaustion requirement: the doctrine of procedural default. Under that doctrine, federal courts generally decline to hear any federal claim that was not presented to the state courts consistent with [the State's] own procedural rules.

*Shinn v. Ramirez*, 596 U.S. 366, 378 (2022) (internal quotation marks and citations omitted); *see also Banks v. Workman*, 692 F.3d 1133, 1144 (10th Cir. 2012) ("When a state court dismisses a federal claim on the basis of noncompliance with adequate and independent state procedural rules, federal courts ordinarily consider such claims procedurally barred and refuse to consider them.").

A federal habeas court may review a state prisoner's procedurally defaulted claim only if "the prisoner can [(1)] demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or [(2)] demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). To demonstrate cause for the procedural default, Petitioner must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule requiring adequate briefing of issues on appeal. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available

to [petitioner.]" *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).

It appears from the petition that Petitioner may intend to assert ineffective assistance of counsel as the cause for any failure to exhaust or procedural default of his claims. For ineffective assistance of counsel to constitute "cause" to excuse the procedural default of a claim, "the assistance must have been so ineffective as to violate the Federal Constitution." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). A state prisoner wishing to allege ineffective assistance of counsel as the "cause" to excuse procedural default of a claim must therefore first raise that specific ineffective assistance of counsel to the state courts. *See id.* What that means for this case is that if Petitioner wishes to assert ineffective assistance of counsel as the cause to excuse procedural default of a claim, he must identify to this Court when he argued that specific claim of ineffective assistance of counsel to the state courts.

Additionally, if a federal habeas petitioner has raised the specific ineffective assistance of counsel claim to the state courts and the state courts have rejected the ineffective assistance claim on its merits, the question before this Court is not simply whether it would independently find counsel was ineffective. Rather, this Court must review the state courts' rejection of the ineffective assistance of counsel claim under the standards of review set forth in the AEDPA. *See Davis v. Sharp*, 943 F.3d 1290, 1297-99 (10th Cir. 2019). The AEDPA provides that when a state court has adjudicated the merits of a claim, a federal court may grant relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). What that means in this case is that if

Petitioner must persuade this Court that the state courts' rejection of the ineffective assistance claim was erroneous under 28 U.S.C. § 2254(d)(1) or (d)(2).

The rules set forth in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), are the "clearly established Federal Law, as determined by the Supreme Court of the United States," that governs ineffective assistance of counsel claims. *See Davis*, 943 F.3d at 1299; *see also* 28 U.S.C. § 2254(d)(1).

> [A] state-court decision is "contrary to" the Supreme Court's clearly established precedent if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from that precedent."

*Harmon v. Sharp*, 936 F.3d 1044, 1056 (10th Cir. 2019) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-08 (2000)). Moreover, an "unreasonable application of" federal law "must be objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415, 419 (2014) (internal quotation marks omitted).

Thus, to use ineffective assistance of counsel as cause to excuse procedurally defaulted claims, Petitioner must demonstrate to this Court that (1) he argued to the state courts that counsel was ineffective for failing to raise the underlying substantive argument *and* (2) that the state appellate court either agreed that counsel was ineffective or that the state court's rejection of that same claim of ineffective assistance of counsel "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). Petitioner may attach additional pages to his petition to make these showings if necessary, but he should ensure that the pages are clearly identified as relating to exhaustion or procedural default of specific

grounds for relief being asserted in this federal habeas matter.

### Requests for Appointment of Counsel and an Evidentiary Hearing

Finally, the Court notes that on page 14 of his current petition, in the section of the form to identify the relief sought in this matter, Petitioner asks for habeas corpus relief from his conviction and sentence, but he also asks for appointment of counsel and "an evidentiary hearing to prove actual innocence." (Doc. 1, p. 14.) Petitioner is cautioned that he is required to request actions like the appointment of counsel or the holding of a hearing by way of a motion to the court. He should not simply include the requests in the body of another filing such as a petition.

Even if Petitioner had filed a motion for appointment of counsel and a motion for an evidentiary hearing, the Court would deny them at this time. Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

"The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). At this early point in the proceedings it is not clear what grounds for relief Petitioner asserts. In the future, if that changes, Petitioner may file a motion to appoint counsel, which will be considered at that time.

Similarly, federal habeas courts generally do not hold hearings or take new evidence in matters challenging a state-court conviction. *See Shinn*, 596 U.S. at 371, 381-82; *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."); *Anderson v. Att'y Gen. of Kansas*, 425 F.3d 853, 859 (10th Cir. 2005) ("[A]n evidentiary hearing is unnecessary if the claim can be resolved on the record."). Currently, the Court sees no need to hold an evidentiary hearing, especially since the grounds for relief Petitioner asserts are not yet clear. *See Strickland v. Crow*, 2022 WL 245521, *5 (10th Cir. Jan. 27, 2022) (unpublished) (finding no error in denying evidentiary hearing on actual innocence when petitioner "failed to allege any disputed facts to support an argument as to the timeliness of his § 2254 petition").

## Conclusion

For the reasons explained above, the Court concludes that this matter cannot proceed unless Petitioner files a complete and proper amended petition on the required court-approved form that clearly identifies all grounds for relief he wishes to assert in this matter. The Court will therefore grant Petitioner to and including September 25, 2024 in which to file an amended petition. The Court will direct the clerk to provide Petitioner with the necessary forms and instructions. The amended petition must be on the court-approved forms and must be complete in and of itself. The amended petition may not refer back to the initially filed petition or attempt to incorporate by reference the initial petition or any other filings with this Court. Any grounds for relief not included in the amended petition will not be considered before the Court. Petitioner must include the case number of this action (24-3031) on the first page of the amended petition.

Petitioner is advised to carefully read and follow the instructions for completing his amended petition. He may attach additional pages to the petition, but any attached pages that are

intended to state additional grounds for relief must be clearly labeled as Ground Five, Ground Six, etc. and must include for each ground asserted the information the form identifies as required. If Petitioner submits an amended petition, the Court will review it under Rule 4 and issue further orders as necessary. If Petitioner fails to submit an amended petition on the required, court-approved form on or before September 25, 2024, this matter may be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **September 25, 2024**, in to submit an amended petition that complies with this order. The clerk is directed to send Petitioner the appropriate form and instructions.

**IT IS SO ORDERED.**

DATED:   This 19th day of August, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge