**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MICHAEL C. ROSS,**

**Petitioner,**

v.                                                                    **CASE NO. 24-3031-JWL**

**DON LANGFORD,**

**Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Michael C. Ross, who is a state prisoner incarcerated at Ellsworth Correctional Facility in Ellsworth, Kansas. The Court began its initial review of the amended petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, after extensive briefing, concluded that this matter was timely filed. (Doc. 22.) The Court then continued its Rule 4 review of the petition in this matter and, on August 19, 2024, issued a memorandum and order (M&O) directing Petitioner to file an amended petition that clearly identifies the grounds for relief he wishes to assert and that complies with the other requirements discussed therein. (Doc. 25.) Petitioner has now filed his amended petition, along with a document which the Court liberally construes as a response to the M&O's directions regarding exhaustion. (Docs. 26 and 27.) For the reasons explained below, Petitioner will be granted one final opportunity to file a complete and proper petition that complies with the requirements set forth in the M&O.

**Background**

In March 2017, a jury in Sedgwick County, Kansas convicted Petitioner of felony murder, "second-degree murder as a lesser included offense of premeditated murder," and abuse of a child."

1

(*See* Doc. 1, p. 1); *State v. Ross*, 310 Kan. 216, 220 (2019) (*Ross I*). The following month, the state district court sentenced him to "life in prison with no chance of parole for 25 years for the felony-murder conviction and 55 months in prison for the abuse of a child conviction, to run consecutive." *Ross I*, 310 Kan. at 220. Petitioner pursued a direct appeal and, in July 2019, the Kansas Supreme Court (KSC) affirmed his convictions. *Id.* at 216.

Petitioner then filed a motion in Sedgwick County District Court seeking state habeas corpus relief under K.S.A. 60-1507. The state district court summarily denied relief and Petitioner appealed. (Doc. 1, p. 3); *see also Ross v. State*, 2022 WL 17544331 (Kan. Ct. App. Dec. 9, 2022) (unpublished) (*Ross II*), *rev. denied* Aug. 5, 2023. The Kansas Court of Appeals (KCOA) affirmed the denial in an opinion issued December 9, 2022, and the KSC denied Petitioner's petition for review on August 25, 2023. *Ross II*, 2022 WL 17544331, *1. On February 28, 2024, Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court. (Doc. 1.)

After determining that the petition is not time-barred, this Court continued the Rule 4 review of the petition. As a reminder, Rule 4 requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases in the United States District Courts, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the response, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the M&O issued on August 19, 2024, the Court noted that although the pro se petition in this matter appeared to assert 9 grounds for relief, only four were properly identified, and those

generally referred the reader to an "accompanying memorandum" for the facts supporting the claims. (Doc. 25, p. 2-3.) No memorandum was filed with the petition; one was filed nearly a month later. *Id.* at 3. Thus, the M&O explained:

> The Court cannot act as Petitioner's attorney and construct arguments on his behalf. *See Garrett*, 425 F.3d at 840. Accordingly, the Court will direct Petitioner to file an amended petition on the required, court-approved form that clearly identifies each asserted ground for relief and sets out the required information for each ground, including the specific federal constitutional violation asserted, the supporting facts, and whether the ground was exhausted in the state courts. Petitioner may attach pages as necessary to state all of the grounds for relief he wishes to assert, but he must clearly number and label each Ground he asserts. Additionally, although Petitioner may use a separate memorandum of law to argue his issues, he is required *in the petition* to "state the facts supporting each ground." *See* Rule 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts. Simply referring the Court to another document for the facts supporting each ground is not sufficient.

*Id.* at 3-4 (emphasis in original).

The Court also reminded Petitioner in the M&O that "'[f]ederal habeas relief does not lie for errors of state law.' *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991)." (Doc. 25, p. 4.) Thus, any claims that seek federal habeas relief because of the violation of Kansas law are subject to summary denial. *Id.* Finally, the M&O addressed the exhaustion requirement, explaining what Petitioner what he must show to establish either that his claims have been exhausted or that his failure to exhaust should not prevent this Court from considering the merits of his claims. (Doc. 25, p. 6-8.) As noted above, Petitioner timely filed his amended petition (Doc. 26) and a document which the Court construes as a response to the exhaustion portion of the M&O (Doc. 27), which are now before this Court for the required Rule 4 review.

**Analysis**

The amended petition asserts nine grounds for relief, and Petitioner has clearly identified those grounds, in compliance with the M&O. However, the amended petition—like the initial

petition—does not set forth the facts supporting each ground. Instead, despite the M&O's clear

instruction, each ground for relief merely states "supporting facts are set forth in the accompanying

memorandum of law in support of petition for writ" and then identifies the relevant pages in that

memorandum. (Doc. 26, p. 5-6, 8-16.) Presumably, the "accompanying memorandum of law" to

which Petitioner refers is the 34-page memorandum he filed on March 25, 2024. (Doc. 10.)

Although the Court appreciates Petitioner's inclusion in the amended petition of the page

numbers, the references largely overlap. For example, for Ground One, Petitioner refers this Court

to "pages 1 through 18 and ground one pages 3 through 33." (Doc. 26, p. 5.) For Ground Two,

Petitioner refers the Court to "pages 3 through 18 and ground two pages 7 through 33." *Id.* at 6.

For Ground Three, Petitioner refers the Court to "pages 6 through 18 and ground three 8 through

33." *Id.* at 8. The remaining page references similarly overlap. Moreover, the "Statement of Facts"

in the memorandum is contained within page 2, while the remaining pages consist of "Argument

and Authorities and are largely legal argument. (*See* Doc. 10.)

Despite the M&O's explanation that "although Petitioner may use a separate memorandum

of law to argue his issues, he is required *in the petition* to 'state the facts supporting each ground,'"

Petitioner has not done so. (*See* Doc. 25, p. 3-4 (emphasis in original).) That portion of the M&O

quoted Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts,

which provides:

> The petition must:
>
>> (1) specify all the grounds for relief available to the petitioner;
>>
>> (2) state the facts supporting each ground;
>>
>> (3) state the relief requested;
>>
>> (4) be printed, typewritten, or legibly handwritten; and

(5) be signed under penalty of perjury by the petitioner or a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The United States Supreme Court has explained that "[a] prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the [respondent] should be ordered to 'show cause why the writ should not be granted'" or whether the petition should be summarily dismissed under Rule 4. *See Mayle v. Felix*, 545 U.S. 644, 656 (2005) (citation omitted). "If the court orders the [respondent] to file an answer, that pleading must 'address the allegations in the petition.'" *Id.* (citing Rule 5(b)). This requires the allegations to be clear enough that the respondent will be able to address them.

To assist petitioners in meeting the requirements of Rule 2(c), form petitions are required for use. Rule 2(d) requires that "[t]he petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." The form petition, which Petitioner used to submit his petition and his amended petition, clearly directs a petitioner to provide "supporting facts" for each ground for relief, instructing: "Do not argue or cite law. Just state the specific facts that support your claim." (*See* Doc. 26, p. 5.) Petitioner has not done so. As the Court has already explained to Petitioner, it construes his pro se filings liberally, but it may not act as Petitioner's advocate and it cannot construct arguments on Petitioner's behalf. *See James*, 724 F.3d at 1315; *Garrett*, 425 F.3d at 840.

In short, the amended petition—like the initial petition—fails to comply with the requirements regarding the allegation of specific facts to support each ground for relief. Petitioner will be granted one final opportunity to file a petition that states supporting facts for each claim. To be clear, referring the reader to a separate memorandum is not sufficient. If the second amended petition only contains such references, this matter will be dismissed without prejudice without further prior notice to Petitioner.

5

Although the M&O also addressed exhaustion and Petitioner's supplement (Doc. 27) relates to exhaustion, the Court will defer any question of exhaustion at this time. If Petitioner files a complete and proper second amended petition that includes alleged facts supporting each asserted ground for relief, the Court will then consider whether the grounds are exhausted. As a threshold matter, Petitioner must file a petition that complies with Rule 2(c).

### Conclusion

For the reasons explained above, the Court concludes that this matter cannot proceed unless Petitioner files a complete and proper second amended petition on the required court-approved form that clearly identifies all grounds for relief he wishes to assert in this matter and states the alleged facts that support each claim, in compliance with the M&O. The Court will therefore grant Petitioner to and including October 11, 2024 in which to file his second amended petition. The Court will direct the clerk to provide Petitioner with the necessary forms and instructions. The second amended petition must be on the court-approved forms and must be complete in and of itself. The second amended petition may not refer back to the initially filed petition or the amended petition, nor should it attempt to incorporate by reference a prior petition or any other filings with this Court. Any grounds for relief not included in the second amended petition will not be considered before the Court. Petitioner must include the case number of this action (24-3031) on the first page of the second amended petition.

Petitioner again is advised to carefully read and follow the instructions for completing his second amended petition. He may attach additional pages to the second amended petition, but any attached pages that are intended to state additional grounds for relief must be clearly labeled. and must include for each ground asserted the information the form identifies as required, including the specific facts on which the ground is based. If Petitioner submits a second amended petition,

the Court will review it under Rule 4 and issue further orders as necessary. If Petitioner fails to submit a second amended petition on the required, court-approved form on or before October 11, 2024, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **October 11, 2024**, in to submit a second amended petition that complies with this order. The clerk is directed to send Petitioner the appropriate form and instructions.

**IT IS SO ORDERED.**

DATED:   This 5th day of September, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge