IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL C. ROSS,

Petitioner,

v.                                                            CASE NO. 24-3031-JWL

DON LANGFORD,

Respondent.

MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Michael C. Ross, who is a state prisoner incarcerated at Ellsworth Correctional Facility in Ellsworth, Kansas. After extensive briefing, this Court concluded that this matter was timely filed. (Doc. 22.) The Court then continued the review required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This matter comes now before the Court on Petitioner's second amended petition, which the Court has reviewed under Rule 4. (Doc. 29.) As explained below, the Court dismisses Ground Eight because it asserts insufficient facts to support a federal habeas claim and grants Petitioner time to show cause why Grounds One, Three, and Four should not be dismissed as barred by anticipatory procedural default.

Background

In March 2017, a jury in Sedgwick County, Kansas convicted Petitioner of felony murder, "second-degree murder as a lesser included offense of premeditated murder," and abuse of a child. (*See* Doc. 29, p. 1); *State v. Ross*, 310 Kan. 216, 220 (2019) (*Ross I*). The state district court sentenced him to "life in prison with no chance of parole for 25 years for the felony-murder conviction and 55 months in prison for the abuse of a child conviction, to run consecutive." *Ross*

1

*I*, 310 Kan. at 220. Petitioner pursued a direct appeal[1] and, in July 2019, the Kansas Supreme Court (KSC) affirmed his convictions. *Id.* at 216.

Petitioner then filed a motion in state court seeking state habeas corpus relief under K.S.A. 60-1507. The state district court summarily denied relief and Petitioner appealed. (Doc. 29, p. 3); *see also Ross v. State*, 2022 WL 17544331 (Kan. Ct. App. Dec. 9, 2022) (unpublished) (*Ross II*), *rev. denied* Aug. 5, 2023. The Kansas Court of Appeals (KCOA) affirmed the denial in an opinion issued December 9, 2022, and the KSC denied Petitioner's petition for review on August 25, 2023. *Ross II*, 2022 WL 17544331, *1. On February 28, 2024, Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court. (Doc. 1.)

As noted above, Petitioner recently filed his second amended petition, in accordance with the orders of this Court. As a reminder, Rule 4 requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases in the United States District Courts, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate, and it "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

### The Second Amended Petition (Doc. 29)

The second amended petition asserts nine grounds for relief.[2] (Doc. 29, p. 5-16.) Petitioner asserts that he "was denied a fair trial" because the state district court: (Ground One) sentenced

---

[1] The issues Petitioner raised in his direct appeal and his postconviction proceedings under K.S.A. 60-1507 are described in more detail as needed in the analysis section below.

[2] Additional argument on this and the other grounds asserted in the second amended petition can be found in the memorandum in support Petitioner filed on March 25, 2024. (Doc. 10.)

him on felony murder rather than an also-charged lower-level alternative of which the jury had also found him guilty; (Ground Three) did not instruct the jury on involuntary manslaughter; (Ground Four) allowed the State to strike a potential juror for an illegal reason; (Ground Five) failed to resolve a complete breakdown in the attorney-client relationship, which also violated Petitioner's constitutional right to effective assistance of counsel; (Ground Six) gave a general intent jury instruction even though premeditated murder and second-degree intentional murder are specific intent crimes; and (Ground Seven) failed to instruct the jury that they could find Petitioner guilty of only one of the alternative theories of murder, not both. Ground Two asserts that K.SA. 21-5109, the Kansas statute governing lesser-included offenses, is unconstitutional because it prevented Petitioner from presenting a guilt-based defense. Ground Eight asserts that trial counsel provided unconstitutionally ineffective assistance, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, and Ground Nine asserts that Petitioner received ineffective assistance from direct-appeal counsel, who failed to raise the eight issues listed above in the direct appeal.   *Id.* at 15-16.

## Analysis

The Court finds that for purposes of this initial Rule 4 review, the second amended petition sufficiently describes Grounds One through Seven and Ground Nine and asserts sufficient facts to support them. With respect to Ground Eight, however, the second amended petition again states no specific supporting facts. It alleges that Petitioner was denied a fair trial due to "ineffective assistance rendered by his trial attorneys in numerous ways," but in the section for setting out the facts supporting this claim, Petitioner has written: "Trial counsel made numerous of ineffective asistance numbering from A through K of ineffectiveness made by Petitioners trial attorneys who are Tricia Oldridge and Bradley Sylvester. SOF page 14 through 18." (Doc. 29, p. 14

(capitalization normalized, all other errors in original).)

As this Court has twice explained to Petitioner, "he is required *in the petition* to 'state the facts supporting each ground.'" (*See* Doc. 28, p. 4 (emphasis in original); Doc. 25, p. 3-4 (same).) Even liberally construed, the second amended petition, which is the controlling petition in this case,[3] does not identify specific instances or events on which Petitioner bases his claim in Ground Eight of ineffective assistance of trial counsel. Thus, Ground Eight fails to comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, which this Court previously explained to Petitioner. (*See* Doc. 28, p. 4-5.)

Because the Court has repeatedly reminded Petitioner of the requirement that he assert sufficient facts in his petition yet this deficiency remains in his second amended complaint, the Court declines to allow Petitioner the opportunity to further amend his petition. *See Jensen v. West Jordan City*, 968 F.3d 1187, 1202 (10th Cir. 2020) (explaining that refusing leave to amend is justified when there is "'failure to cure deficiencies by amendments previously allowed'"). Instead, the Court will dismiss Ground Eight from this action without prejudice under Rule 4 because "it plainly appears from the petition and any attached exhibits that [P]etitioner is not entitled to relief in the district court" based on the allegations made in Ground Eight. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## Exhaustion

With respect to the remaining claims, the Court returns to the question of exhaustion, which was deferred in an earlier order. (*See* Doc. 28, p. 6.) "'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021)

---

[3] As the Court has cautioned Petitioner, "[t]he second amended petition may not . . . attempt to incorporate by reference a prior petition or any other filings with this Court. Any grounds for relief not included in the second amended petition will not be considered before the Court." (Doc. 28, p. 6.)

(citation omitted). The purpose of the exhaustion requirement is to "give state courts a fair opportunity to act on [a Petitioner's] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citation omitted). Generally speaking, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in his federal habeas petition to the KCOA and/or the KSC, which must have denied relief on the merits. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020) (unpublished).

**Grounds Two, Five, Six, Seven, and Nine**

The Court offers no opinion on the merits of Grounds Two, Five, Six, Seven, or Nine. For the limited purpose of this Rule 4 review and in light of the KCOA's statement regarding its scope of review in Petitioner's 60-1507 appeal,[4] this Court concludes that it appears that Petitioner has exhausted the claims now made in Grounds Two, Five, Six, Seven, and Nine. The Court emphasizes, however, that this preliminary conclusion will not bar Respondent from raising in his answer the defense of failure to exhaust if this matter proceeds to the point at which Respondent is directed to file an answer to the petition. If Respondent makes an exhaustion argument in his answer, Petitioner will have the opportunity to respond in his traverse.

**Ground One**

Ground One asserts that "Petitioner was denied a fair trial whereby [his] first degree murder [conviction] is unconstitutional." (Doc. 29, p. 5.) Petitioner contends that he was charged with one

---

[4] In the 60-1507 proceeding, the KCOA noted "the perfunctory briefing of this appeal on Ross' behalf" and decided to "examine[] the grounds for relief he alleged in his [60-1507] motion filed in the district court" rather than confine itself to the appellate brief. *Ross II*, 2022 WL 17544331, at *1-2. Thus, this Court has considered the claims Petitioner made to the state district court in his 60-1507 motion during this preliminary exhaustion analysis. (*See* Doc. 27-1, p. 11-17 (excerpt of 60-1507 motion, also available in full through the Kansas District Court Public Access Portal, *Ross v. State*, Sedgwick County Case No. 20CV1184, filed July 21, 2020).).

count of premeditated first degree murder or, in the alternative, felony murder. *Id.* The jury was instructed on and found him guilty of the lesser included offense of premeditated second-degree intentional murder and it found him guilty of felony murder. *Id.* The trial court did not require the jury to find Petitioner guilty on only one theory and sentenced Petitioner on the felony murder conviction. *Id.*

Petitioner argued in a pro se brief submitted in his direct appeal that "the jury's verdict on second-degree murder 'operates as a de facto acquittal' on the charge of first-degree felony murder." *Ross I*, 310 Kan. at 226. The KSC declined to address the issue on its merits, noting that Petitioner had failed to comply with Kansas Supreme Court Rule 6.02(a)(5), which required him to explain why the court should consider issues raised for the first time on appeal, as this issue was. *Id.* at 227. In his later 60-1507 proceeding, the KCOA noted Petitioner's argument that direct-appeal counsel "provided constitutionally inadequate representation by failing to raise the [same] claim." *Ross II*, 2022 WL 17544331, at *3. Petitioner also argued in his 60-1507 motion that a verdict for second degree murder is an acquittal of first degree murder, which is similar to the argument he now makes in Ground One. (*See* Doc. 27-1, p. 11.) But there is no indication that Petitioner argued that these facts violated his *federal constitutional right to a fair trial*, which is what he now argues to this Court in Ground One. (*See* Doc. 27-1, p. 11.)

This is important because the United States Supreme Court has held that before a state prisoner may pursue federal habeas relief on the grounds that his or her federal constitutional rights have been violated, "the federal claim must be fairly presented to the state courts." *See Picard*, 404 U.S. at 275. This requirement "reflects a policy of federal-state comity" and is "'an accommodation of our federal system designed to give the State an initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Id.* (citations omitted). In

6

other words, the state courts must have the first chance to remedy violations of the rights guaranteed to state prisoners who are sentenced for violations of state law, even when the rights in question are guaranteed by the United States Constitution. *See id.* at 275-76.

The Tenth Circuit recently reaffirmed these principles, stating:

> "For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be 'fairly presented to the state courts' . . . ." Thus, we recognize that we must afford state courts "the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights," which those courts cannot do unless they have been "alerted to the fact that the prisoners are asserting claims under the United States Constitution." A petitioner "need not cite 'book and verse on the federal constitution.'" But he must do "more than present[ ] 'all the facts necessary to support the federal claim' to the state court or articulat[e] a 'somewhat similar state-law claim.'" At bottom, "the crucial inquiry is whether *the 'substance'* of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim."

*Honie v. Powell*, 58 F.4th 1173, 1184 (10th Cir. 2023) (citations omitted).

*Picard* provides a good example of how the analysis works in practice. In that case, a state prisoner sought federal habeas relief based on an alleged violation of the Equal Protection Clause of the Fourteenth Amendment. 404 U.S. at 271, 276. The United States Supreme Court held that although the state prisoner had "presented all the facts" to the state courts, "the constitutional claim . . . was never brought to the attention of the state courts." *Id.* at 277. Specifically, the state prisoner had "never contended that the method by which he was brought to trial denied him equal protection of the laws. Rather, [he] consistently argued that he had been improperly indicted under [state] law and, to the extent that he raised a federal constitution claim at all," it was based on the Fifth Amendment. *Id.* at 276-77. "The claim that an indictment is invalid is not the substantial equivalent of a claim that it results in an unconstitutional discrimination." *Id.* at 278.

In this case, Petitioner obviously presented the facts on which Ground One rests to the state courts and argued that his sentence for felony murder was improper. But again, there is no

indication that Petitioner argued that these facts denied him his federal constitutional right to a fair trial. And the claim that a sentence and conviction are invalid or that counsel provided ineffective assistance that led to the conviction and sentence is not the substantial equivalent of a claim that they violate the federal constitutional right to a fair trial. Thus, on the information now before this Court, Ground One is unexhausted. The Court will address the effect of this failure to exhaust later in this order. For now, the Court turns to whether the remaining grounds for relief asserted in the second amended petition are exhausted.

**Ground Three**

Ground Three asserts that Petitioner was denied his constitutional right to a fair trial when the "trial court failed to instruct the jury on [his] guilt[-]based defense of involuntary manslaughter . . . based on the underlying offense of child endangerment." (Doc. 29, p. 8.) Petitioner did not raise this argument in his direct appeal and, although he raised a related argument in his 60-1507 proceeding, he did not claim that his federal constitutional right to a fair trial had been violated by the lack of an involuntary manslaughter jury instruction. *See Ross II*, 2022 WL 17544331, at *3; (Doc. 27-1, p. 12). Thus, as with Ground One, Petitioner's claim that his federal constitutional right to a fair trial was violated by the failure to instruct the jury on involuntary manslaughter appears unexhausted.

**Ground Four**

Ground Four relates to a potential juror whom the State struck from the jury pool. (Doc. 29, p. 9. When the second amended petition is considered alongside the supporting memorandum, the following facts are asserted by Petitioner: During voir dire, the State struck the sole black potential juror, Mr. Turner. Petitioner challenged the strike under *Batson v. Kentucky*, 476 U.S. 79 (1986), and the State responded that it had used two peremptory strikes on jurors who had criminal

records: Mr. Turner and a white man, Mr. Gillespie. (Doc. 10, p. 15.) Petitioner now argues in Ground Four that striking Mr. Gillespie was illegal because Mr. Gillespie's prior conviction was 17 years old and Kansas statutes only prevent convicted felons from serving on a jury if their conviction occurred within the prior 10 years. *Id.*

Petitioner did not raise this argument in his direct appeal, but he argued in his 60-1507 proceeding that Mr. Gillespie "was improperly stricken because the felony conviction did not preclude him from jury service." *Ross II*, 2022 WL 17544331, at *4; (Doc. 27-1, p. 12-13). There is no indication, however, that Petitioner asserted in his 60-1507 that striking Mr. Gillespie violated any federal constitutional right. In fact, his argument was based on K.S.A. 43-158, which addresses people who "shall be excused from jury service," including "persons who within 10 years immediately preceding have been convicted of . . . a felony." Thus, any constitutional argument now in Ground Four appears unexhausted.

### Anticipatory Procedural Default

As explained above, Grounds Two, Five, Six, Seven, and Nine appear exhausted but Grounds One, Three, and Four do not. Thus, the Court is faced with a "mixed petition," meaning that the petition contains exhausted and unexhausted claims. Generally speaking, when a federal habeas petition is a mixed petition, the federal court generally should dismiss the matter "without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted). If the petitioner has failed to present a claim in the state courts and would be procedurally barred from now presenting it if he returned to state court, however, the claim is barred by anticipatory procedural default. *See Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007).

That is the situation here. Petitioner has not exhausted state-court remedies on the

arguments in Grounds One, Three, and Four. At this point, any K.S.A. 60-1507 motion doing so likely would be barred as successive and untimely. *See* K.S.A. 60-1507(c). Thus, the claims in these Grounds are barred by anticipatory procedural default. A federal court cannot consider a state prisoner's unexhausted habeas claim that is barred by anticipatory procedural default unless the petitioner establishes cause and prejudice for the default or establishes a fundamental miscarriage of justice. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Fontenot*, 4 F.4th at 1028 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). These two ways to overcome the anticipatory procedural default bar are addressed separately.

**Cause and Prejudice**

To demonstrate cause for the default, Petitioner must show that some objective factor external to the defense impeded his ability to raise the claims to the state courts. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). He also must show "actual prejudice as a result of the alleged violation of federal law." *See Coleman*, 501 U.S. at 750.

It appears from the second amended petition that Petitioner intends to assert that the ineffective assistance of counsel was cause for any failure to properly exhaust a claim. (*See* Doc. 29, p. 8.) For ineffective assistance of counsel to be the "cause" that excuses a procedural default, "the assistance must have been so ineffective as to violate the Federal Constitution. In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim" which "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). Thus, for Petitioner to use the ineffective assistance of counsel as cause, he must have argued *that* ineffective assistance of counsel claim to the state courts.

It is clear that Petitioner argued in his 60-1507 proceeding that he received ineffective assistance of counsel for failing to raise certain arguments at trial and in his direct appeal. *See Ross II*, 2022 WL 17544331, at *5. But it does not appear that Petitioner argued in that proceeding that he had received ineffective assistance of counsel due to the failure to argue that his federal constitutional right *to a fair trial* was violated by the events described as the basis for Grounds One, Three, and Four. That being said, the second prong of the test for ineffective assistance of counsel requires showing a "reasonable probability" that the outcome of the criminal case would have been different if counsel had not provided deficient representation. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). And, as the United States Supreme Court has recognized, where the result of a proceeding was determined by the deficient representation of counsel, the fairness of the proceeding is undermined. *Id.* at 694 ("The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome.").

Even assuming solely for the sake of this initial Rule 4 screening that Petitioner sufficiently raised ineffective assistance of counsel to the state courts to be able to present it now as "cause" for the anticipatory procedural default of Grounds One, Three, and Four of this federal habeas matter, the analysis does not end there. This Court's role in a habeas matter brought by a state prisoner is not to independently decide questions already decided by a state court, and the KCOA rejected Petitioner's ineffective assistance of counsel claims on their merits. *See Ross II*, 2022 WL 17544331, at *3-5.

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. *See Davis v. Sharp*, 943 F.3d 1290, 1297-99 (10th Cir. 2019). When a state prisoner asserts ineffective assistance of counsel as cause for the procedural default of a claim and further

claims that the state court erroneously denied the ineffective assistance of counsel claim, this Court must review the ineffective assistance of counsel claim under the standards of review set forth in the AEDPA. *See id.* The AEDPA provides that when a state court has adjudicated the merits of a claim, a federal court may grant relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

The rules set forth in *Strickland v. Washington* are the "clearly established Federal Law, as determined by the Supreme Court of the United States," that governs ineffective assistance of counsel claims. *See Davis*, 943 F.3d at 1299; *see also* 28 U.S.C. § 2254(d)(1).

> [A] state-court decision is "contrary to" the Supreme Court's clearly established precedent if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from that precedent."

*Harmon v. Sharp*, 936 F.3d 1044, 1056 (10th Cir. 2019) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-08 (2000)). Moreover, an "unreasonable application of" federal law "must be objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415, 419 (2014) (internal quotation marks omitted).

Thus, under § 2254(d)(1), Petitioner may use ineffective assistance of counsel as cause for the anticipatory procedural default of Grounds One, Three, and Four (1) if he can show that the KCOA applied a rule other than *Strickland* to his claims; (2) if he can provide to this Court a case in which the United States Supreme Court confronted a set of facts materially indistinguishable from Petitioner's and concluded that those facts established ineffective assistance of counsel; or

(3) if he can show that the KCOA's application of *Strickland* was "objectively unreasonable."

Under § 2254(d)(2), Petitioner may use ineffective assistance of counsel as cause for the procedural default of Ground One and/or Ground Two is he can show that the KCOA's decision "was based on an unreasonable determination of the facts in light of the evidence" before the KCOA at the time. This Court presumes the correctness of the fact-finding by the state court unless Petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). *See also Wood v. Allen*, 558 U.S. 290, 301 (2010) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.").

The materials now before this Court do not argue that the KCOA's decision regarding Petitioner's ineffective assistance of counsel claims satisfies the standards set forth in 28 U.S.C. § 2254(d)(1) or (2). Rather, Petitioner only generally asserts that if his claims were not exhausted on direct appeal, the failure to exhaust was caused by ineffective assistance of counsel. Although the Court liberally construes pro se pleadings, it does not act as Petitioner's advocate, nor does it construct arguments for Petitioner. *See James*, 724 F.3d at 1315; *Garrett*, 425 F.3d at 840. The Court will, however, grant Petitioner time in which to show cause why Grounds One, Three, and Four should not be summarily denied as barred by anticipatory procedural default, either by showing the required cause and prejudice or by showing that declining to consider Grounds One, Three, and Four would result in a fundamental miscarriage of justice.

**Fundamental Miscarriage of Justice**

As noted above, the anticipatory procedural default of Grounds One, Three, and Four may be excused if Petitioner can show that the failure to consider the defaulted claim would result in a fundamental miscarriage of justice. To proceed under this exception, Petitioner "must make a

colorable showing of factual innocence." *See Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). "This exception to the general rule barring consideration of defaulted claims "is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (brackets and internal quotation marks omitted). A petitioner seeking relief under a defaulted claim and asserting a claim of innocence must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

To be clear, to qualify for this exception to the procedural bar of anticipatory procedural default, Petitioner must identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup*, 513 U.S. at 324. "To be 'new,' the evidence need only be evidence that was not considered by the fact-finder in the original proceedings." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021) (citing *Fontenot*, 4 F.4th at 1031-33). "An actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor*, 7 F.4th at 927.

## Conclusion

In summary, for the reasons explained above, the Court concludes that Ground Eight should be dismissed under Rule 4 for failure to allege sufficient facts to present a claim on which federal habeas relief could be granted. Moreover, it appears that Grounds One, Three, and Four are barred by anticipatory procedural default and therefore this Court must decline to consider their merits unless Petitioner shows (1) cause for the default and prejudice from the federal constitutional violation or (2) that declining to consider their merits will result in a fundamental

miscarriage of justice. Thus, Petitioner will be granted to and including October 21, 2024 in which to show good cause, in writing, why Grounds One, Three, and Four of this matter should be considered on their merits. If Petitioner fails to file a timely response to this order, Grounds One, Three, and Four of this matter will be summarily dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Ground Eight of this matter is **dismissed without prejudice** under Rule 4 for the reasons stated herein.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including **October 21, 2024**, in which to show good cause, in writing, why consideration of the merits of Grounds One, Three, and Four of this matter is not barred by anticipatory procedural default.

**IT IS SO ORDERED.**

DATED:   This 19th day of September, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge